MISSOURI, K. & T. RY. CO. OF TEXAS et al. v. C. H. COX & CO., Inc.

(Court of Civil Appeals of Texas. Austin. Feb. 14, 1912. Rehearing Denied March 13, 1912.)

1. CARRIERS (§ 89*)—CARRIAGE OF GOODS—PERISHABLE GOODS—CARRIER'S RIGHT TO SELL.

A carrier may sell perishable goods when such sale is necessary to prevent total loss to the shipper, the agency for the owner arising from the necessity of the case; but without notification to the owner or shipper, if he can be reached, the necessity to sell does not arise.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 324–330; Dec. Dig. § 89.*]

2. CARRIERS (§ 94*)—CARRIAGE OF GOODS—ACTION FOR CONVERSION.

A carrier of perishable goods, who sells them without necessity for so doing, is liable for the value of the goods as for conversion.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 367–395, 456; Dec. Dig. § 94.*]

3. APPEAL AND ERROR (§ 1012*)—REVIEW—FINDINGS OF FACT.

Findings of fact by the court are entitled to the same weight as a verdict, and will not be disregarded unless without any evidence to support them or so against the weight of evidence as to be manifestly wrong.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3990–3992; Dec. Dig. § 1012.*]

Appeal from McLennan County Court; Tom L. McCullouch, Judge.

Action by C. H. Cox & Company, Incorporated, against the Missouri, Kansas & Texas Railway Company of Texas and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Alex S. Coke, N. H. Lassiter, and Clark, Clark & Saunders, for appellants. Davis & Cocke, for appellee.

Findings of Fact.

JENKINS, J. Appellee instituted this suit against the Missouri, Kansas & Texas Railway Company of Texas, the Chicago, Rock Island & Pacific Railway Company, and the Chicago, Rock Island & Gulf Railway Company to recover damages alleged to have been suffered by appellee on account of a shipment of eggs made by appellee being sold by the appellant the Chicago, Rock Island & Pacific Railway Company without authority of appellee. Appellants answered that said eggs were unclaimed by the consignee and were sold to prevent the total loss of the same. Appellants tendered into court the sum of $279.45, as full settlement of all claims by appellee against all of appellants. The case was tried before the court without a jury and judgment rendered for appellee for $416.70.

At the request of appellants the court filed its findings of fact and conclusions of law, from which it appears that the eggs were shipped by appellee from Temple, Tex., to Little Rock, Ark., "to shipper's order, notify C. Edward Davis & Co."; that said eggs arrived at Little Rock March 20, 1908; that the time consumed in their transportation was reasonable; that the weather at said time was cool enough for eggs to keep without being under refrigeration; that upon arrival of said eggs at Little Rock, the local agent of appellant Chicago, Rock Island & Pacific Railway Company was unable to locate C. Edward Davis & Co., and on March 26, 1908, communicated that fact to the agent of the Missouri, Kansas & Texas Railway Company at Temple; that on the morning of the 27th of March, the agent of the latter company at Temple notified appellee

of said fact, and was informed that C. Edward Davis & Co. were a large firm in Little Rock, and gave said agent the address of said firm, and instructed said agent to notify the agent of the Chicago, Rock Island & Pacific Railway Company at Little Rock that if he could not locate C. Edward Davis & Co. to advise with appellee as to the disposition of the eggs; that appellee was not further consulted as to the disposition of said eggs, but that the same on said day, March 27, 1908, were sold by the Chicago, Rock Island & Pacific Railway Company at Little Rock for the sum of $348, or 11.6 cents per dozen; that it was not shown by the evidence that the eggs were in danger of deterioration or had deteriorated at the time of said sale; that said eggs were reasonably worth in the market at Little Rock on the day that they were sold 14 cents per dozen, or the aggregate sum of $420; that there is no statute in Arkansas regulating the sale by railway companies of unclaimed perishable property.

The above findings of fact by the trial court are sustained by the evidence, and we adopt the same as our findings of fact.

### Opinion.

1. The first assignment of error is as follows: "The court erred in rendering judgment in favor of the plaintiff and against the defendants, because the same is not supported by the evidence, in that the undisputed evidence shows that the eggs in question were sold as a matter of necessity to prevent a total loss, and for the best price obtainable upon the date in question, to wit, March 27, 1908."

It will be observed that the assignment does not complain of any specific finding made by the court, but only as to the conclusion of law reached by the court, for the reason that "the undisputed evidence shows that the eggs in question were sold as a matter of necessity to prevent a total loss, and for the best price obtainable upon the date in question, to wit, March 27, 1908." Waiving the issue made by appellee in its rejoinder that this assignment is insufficient as a basis for an attack upon specific findings by the court, we hold that said assignment is not a correct statement of the law under the facts included in said assignment. It will be observed that said assignment does not include the notification to the shipper by the railway company at Little Rock, nor does it state that such notification could not have been given. The evidence shows that such notification could have been, but that it was not, given.

[1, 2] A railway company may sell perishable goods when such sale is necessary to prevent total loss to the shipper, not in the enforcement of its lien upon the goods (for, in such case, they must proceed through the courts), but as agent for the owner, such agency arising from the necessity of the case; but in such case the owner or shipper must be notified if he can be reached, and without such notification the necessity for the railway company to act does not arise, and hence the railway company does not become the agent of the shipper, and a sale without such agency is a conversion. The railway company is liable in such case for the value of the goods, as in other cases of conversion. Hutchison on Car. §§ 787–792; Elliot on Railroads, § 1571; Dudley v. Railway Co., 58 W. Va. 604, 52 S. E. 718–720, 3 L. R. A. (N. S.) 1135, 112 Am. St. Rep. 1027; Railway Co. v. Groce, 106 S. W. 721.

[3] 2. In addition to what has been stated above, the court found, as appears from the statement of facts herein, that there was no necessity for such sale. Findings of fact by the court have the same force and are entitled to the same weight as the verdict of a jury, and such findings will not be disregarded unless they are without any evidence to support them, or are so against the great weight of evidence as to be manifestly wrong. Best v. Kirkendall, 107 S. W. 933. In referring to said findings, we will here state that the evidence does not show any effort to locate C. Edward Davis & Co. after their address was furnished by appellee, and appellee's request to be notified if the said parties could not be found, so that they might give instructions as to the disposition to be made of said goods, was wholly disregarded.

For the reasons herein stated, the judgment of the trial court is affirmed.

Affirmed.

---

## MEMORANDUM DECISIONS

JORDAN v. STATE. (Supreme Court of Arkansas. Feb. 26, 1912.) Appeal from Circuit Court, Monroe County; Eugene Lankford, Judge. Willis Jordan was convicted of grand larceny, and appeals. Affirmed. See, also, 143 S. W. 131. H. A. Parker, for appellant. Hal L. Norwood, Atty. Gen., and Wm. H. Rector, Asst. Atty. Gen., for the State.

PER CURIAM. The record in this case is the same as in Jefferies v. State, 144 S. W. 514, the defendant being charged with the offense of grand larceny in stealing a cow, and the defense is that the cow was an unmarked one, in the range, over 12 months of age. The proof shows that Jefferies and the defendant Jordan, were both guilty of stealing the cow, and the decision in the Jefferies Case is conclusive of the present one. Judgment affirmed.